Jackson, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the examiner’s rejection of claims 8 and 13 of the application of Albert J. Lampert and John J. Carlson for a “Water Heater and Cabinet Construction,” serial No. 143,412, filed February 10, 1950. The board reversed the examiner’s rejection of claims 11 and 12, which claims now stand allowed. No other claims remain in the application.
Claims 8 and 13 read as follows:
8. A water heater cabinet comprising relatively flat front, back, side and top panels defining an enclosure to receive a hot water storage tank, said back panel being formed with an inwardly directed, vertically disposed channel having direct vertical access to the floor on which the cabinet rests to accommodate conduits extending upwardly from the floor, when the cabinet is moved horizontally over the floor to a position flush against a wall, each of said side panels being formed along its top edge with an inwardly turned flange having *959 an upwardly and outwardly turned lip to thereby define a channel, said top being formed with a downwardly directed flange along its side edges terminating in an inwardly turned lip adopted to slidably engage each of said second mentioned channels whereby said top may be slidably removed from said panel to permit access to the interior of said cabinet.
13. A water tank adapted for installation on the floor of a room flush against a wall, comprising an upright cylindrical water tank, a rectangular cabinet enclosing said tank having a vertical back panel disposed close to' said tank thereby forming, with the side panels of said cabinet, and with said tank, a pair of triangular regions on each side of said tank within said cabinet, said panel being formed with a pair of inwardly embossed, vertical channels extending into said regions, respectively, and providing passageways for the reception of water pipes exterior of said cabinet between said cabinet and said wall whereby said cabinet may be placed against said wall with said back panel flush there-against, and a top for said cabinet disposed in a horizontal plane substantially above the top of said tank, thereby leaving a region between said tank and said top for the reception of horizontal connecting pipes from said tank to the vertical pipes in said channels.
The references of record are:
Quinn, 1,202,222, Oct. 24, 1916.
Kraemer, 1,582,881, Apr. 27, 1926.
Hazeltine, 2,043,540, June 9, 1936.
Olston, 2,227,150, Dec. 31, 1940.
Groeniger, 2,240,904, May 6, 1941.
Craig, 2,243,249, May 27, 1941.
Sola, 2,489,245, Nov. 22, 1949.
Appellants’ claims are directed towards a table-top-height cabinet enclosing a water heater and adapted to fit flush against a wall and conceal service pipes extending vertically from the floor near the base of a wall. The side and front panels of the cabinet consist of an integral piece of sheet metal bent to appropriate shape. A cylindrical heater is enclosed within this generally rectangular housing a part of which is the aforementioned integral panel. Two service pipes for the heater extend vertically from the floor close to the wall and then, at a level above the tank, horizontally over the position of the tank, where the appropriate plumbing connections are made. The back panel of the housing has two channel-like recesses extending throughout its entire height. Each channel receives the vertical portion of one of the service pipes. The back panel terminates at a level approximately that of the top of the tank and below the top of the side and front panels to allow the horizontal portions of the service pipes to freely extend within the cabinet to their connections to the tank. The top cover is removable, having intumed flanges which slidably engage a channel and lip structure at the upper margin of the side panels.
*960 Of the references of record, no reliance was placed by the board on the patents to Kraemer, Olston and Groeniger, they being considered cumulative to the remaining and more apt references.
The Quinn patent discloses a sink which fits flush against a wall and has a vertical recess in its rear wall to conceal vertically extending water pipes in front of the wall against which the sink is mounted and which lead to the sink faucets.
The Hazeltine patent discloses a shower bath stall fitted flush against a wall corner and having rearwardly opening vertical recesses for receiving and concealing twin pipes leading to the shower nozzle.
The Craig patent, the basic reference, shows a housing of generally rectangular cross section in which is enclosed a cylindrical water heating tank. The housing has a removable top and a removable front panel. Pipes extend horizontally from the top of the tank through holes in the rear panel of the housing for connection to service pipes not shown. Craig has finished the corners of his housing with a flat surface at each of the corners of the rectangular shape so that, when viewed from above, there appears an octagonal configuration wherein four sides are about one fourth the size of the other four sides.
The Sola patent shows a slidable cover which has inturned flanges engaged in grooves in the sides of a housing for an electrical apparatus.
The board allowed claims 11 and 12, both of which recited that the cover of the housing cabinet is in a plane substantially above the top of the rear panel. The board stated:
* * * We agree with appellants that such a space for reception of the cross connections requires less criticality in the vertical height of the service pipes than if the cross connections were required to pass through holes in the rear panel as in the Oraig device. While this difference from the Craig structure may seem small, it produces a definite advantage which has apparently contributed materially to the commercial success of the device and we believe it has patentable significance. * * *
As to claim 13, however, the examiner’s rejection was sustained, since:
* * * claim 13 does not require that the rear panel of the cabinet terminate at an elevation below the plane of the horizontal top so that the open space for reception of the cross connections between the vertical service pipes and top of the tank, which space appellants state eliminates the necessity of cutting the vertical pipes to critical length, is not inherent in the claimed structure. All this claim requires is that a vertical recess be provided in the rear panel of Craig’s cabinet for reception of the vertical service pipes so that the cabinet can be placed flush against the wall. We think the provisions of such a recess is deary taught by Quinn or Hazeltine. In so far as recited in claim 13, the cross connection between the top of the tank and the service pipes could extend through holes in the rear panel of the cabinet as shown by Craig at 46. Craig’s removable top *961 is disposed in a horizontal plane substantially above the top of the tank as claimed. * * *
Claim 8 was rejected for the same reasons as was claim 13 but further in view of Sola, which disclosed the tongue and groove sliding engagement of the top with the side panels as recited in the last two clauses of said claim.
We have quoted at length from the board’s decision because we are convinced of the soundness of its analysis and holding with respect to the claims here in issue.
Claim 8, in the last analysis, does not distinguish in any material respect over an empty rectangular cabinet having vertical recesses in its back panel and a slidably removable top. We can perceive no patentable invention in providing Craig’s cabinet with vertical recesses as shown by Quinn and with Sola’s slidable closure. As to claim 13, the structure defined is no more than Craig’s tank and cabinet provided with Quinn’s vertical recesses.
Appellants contend that the recitation in claim 13 of “triangular regions” between the cabinet and the enclosed heater serves to pátent-ably carry said claim over the rejection references. Even assuming that such a feature is of patentable substance, it is clearly shown by the Craig reference. “Triangular regions” are inherently defined whenever a circular or cylindrical configuration is bounded by a rectangular configuration. Craig merely squares off his corners while appellant chooses to round them off.
It is further contended that the references do not suggest appellants’ concept of installing the above described structure, which includes the steps of installing the service pipes in their final position, sliding the cabinet structure flush against the wall so that the vertical pipe portions are disposed in the back panel recesses, connecting the pipes to the tank, and thereafter sliding the cover into its installed position. The application does disclose this method of installation,, but the claims in issue are apparatus claims, not method claims. Appellants cannot rely on a method concept to in any way limit or distinguish such claims over the art.
For the reasons hereinbefore stated, the decision of the board is-affirmed.
Worley, J., because of illness, was not present at the argument of this case, but by agreement of counsel, participated in this decision.
Jackson, J., retired, recalled to participate herein in place of Cole,, J., absent because of illness.